# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **TORUNTSO JOHNSON**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **4:13-cv-1447-AKK** |
| **CAROLYN W. COLVIN,** ) | |
| **ACTING COMMISSIONER OF** ) | |
| **SOCIAL SECURITY** ) | |
| **ADMINISTRATION**, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

Plaintiff Toruntso Johnson brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the adverse decision of the Administrative Law Judge ("ALJ"), which has become the final decision of the Commissioner of the Social Security Administration ("SSA"). For the reasons stated below, the ALJ's decision, specifically his findings regarding Johnson's residual functional capacity ("RFC"), is not supported by substantial evidence because the ALJ failed to discuss or consider the findings that Dr. Sathyan Iyer outlined in his "Medical Source Statement Of Ability To Do Work-Related Activities (Physical)." Therefore, the Commissioner's decision is

remanded for further proceedings consistent with this opinion.

## I. Procedural History

Johnson protectively filed his application for Title II disability insurance benefits on December 22, 2009, alleging a disability onset date of August 3, 2009, (R. 145), due to the effects of a total hip replacement, (R. 149).  After the SSA denied his application on February 9, 2010, (R. 87–91), Johnson requested a hearing, (R. 94–95). At the time of the hearing on January 23, 2012, Johnson was fifty-two years old, (R. 54), and had an eighth grade education, (R. 54–55). Johnson had past relevant medium, low semi-skilled, non-transferable work as a machine operator, heavy, semi-skilled, non-transferable work as a furniture deliverer, heavy, skilled, non-transferable work performing plant maintenance, medium, unskilled work as a packer, medium unskilled work as a gluer, and medium unskilled work as a mill work operator. (R. 76). Johnson has not engaged in substantial gainful activity since August 3, 2009, the alleged onset date. (R. 27).

The ALJ denied Johnson's claim on February 16, 2012, (R. 21–38), which became the final decision of the Commissioner when the Appeals Council refused to grant review on March 12, 2013, (R. 4–7).  Johnson then filed this action pursuant to section 1631 of the Act, 42 U.S.C. § 1383(c)(3).  Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'"  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id*.  (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.

*See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance."  *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1)   whether the claimant is currently unemployed;

(2)   whether the claimant has a severe impairment;

(3)   whether the impairment meets or equals one listed by the Secretary;

(4)   whether the claimant is unable to perform his or her past work; and

>  (5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, he must meet additional criteria. In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself*. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself.* See 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012. Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not

supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability. *Id*.

### IV.  The ALJ's Decision

In performing the Five Step sequential analysis, the ALJ initially determined that Johnson had not engaged in substantial gainful activity since the alleged onset of his disability, and therefore met Step One.  (R. 27).  Next, the ALJ acknowledged that Johnson's severe impairments of degenerative joint disease of the left hip, lumbar stenosis, lumbar radiculopathy, sciatica, status-post laminectomy at L3-L5, status-post total hip replacement, degenerative joint disease of the lumbar spine, shoulder pain, and obesity met Step Two. *Id*. The ALJ also noted that Johnson had the non-severe impairment of hypertension. *Id*.  The ALJ then proceeded to the next step and found that Johnson did not satisfy Step Three since he "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." *Id*.  Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four, where he determined that Johnson "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except [Johnson] is restricted to occasional bending. He cannot kneel, crouch, or climb and must avoid unrestricted heights." (R. 28). Based on this

assessment of Johnson's RFC, the ALJ determined Johnson was unable to perform his past relevant work. (R. 33). Lastly, in Step Five, the ALJ considered Johnson's age, education, work experience, and RFC, and determined, based on the Medical Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2, section 201.27 and on the testimony of a vocational expert ("VE"), that "there are jobs that exist in significant numbers in the national economy that [Johnson] can perform." (R. 34). Because the ALJ answered Step Five in the negative, he determined that Johnson was not disabled. *Id*.

## V. Analysis

The court now turns to Johnson's contentions that (1) the ALJ erred by relying on testimony by the VE based on a hypothetical that failed to reflect Johnson's standing limitations, (2) the ALJ erred by relying on testimony by the VE based on a hypothetical that failed to reflect Johnson's right hip pain, and (3) the ALJ erred by improperly substituting his medical opinions for those of trained medical professionals. The court will examine each contention in turn.

Johnson first contends that the ALJ erred by relying on testimony by the VE based on a hypothetical that failed to reflect Johnson's standing limitations. Doc. 13 at 17. As Johnson correctly notes, "for the testimony of a VE 'to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises

all of the claimant's impairments.'" *Id*. (quoting *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999)). Johnson argues that the ALJ's finding that he could perform light work with restrictions relied on VE testimony based on a hypothetical that did not reflect the findings of Dr. Sathyan Iyer, a consulting physician who, based on a June 18, 2011 examination, noted that "[i]n his current condition, [Johnson] may have impairment of functions involving standing, walking, climbing, squatting, bending, lifting, working at heights, working around machinery, carrying and overhead activities. He does not have limitation of functions involving sitting, handling, hearing, and speaking."[2] (R. 292). The Commissioner counters by arguing that:

> There is nothing in Dr. Iyer's medical opinion that contradicts or is inconsistent with the ALJ's RFC determination or the limitations presented to the VE. The ALJ found that [Johnson] had the RFC for light work, which not only contemplates jobs involving a good deal of walking and standing, but also jobs involving sitting most of the time with some pushing and pulling of leg controls. Furthermore, Dr. Iyer qualified his opinion by saying that [Johnson] "*may* have impairment of functions involving standing..." (emphasis supplied) and did not quantify the amount of time [Johnson] was able to stand.

Doc. 14 at 7 (internal citations omitted)(quoting (R. 292)).

If, as the Commissioner indicates, Dr. Iyer's assessment of Johnson's

---

[2] Although the ALJ noted in his opinion that "Dr. Iyers opined [Johnson] could have impairment of functions involving standing," (R. 31), Johnson is correct that the ALJ failed to include a standing limitation in the hypothetical he posed to the VE, *see* (R. 77).

standing limitations consisted solely of his statement that Johnson "may have impairment of functions involving standing," (R. 292), the court's analysis would end here, as the ALJ is not required to give weight to equivocal medical opinions. *See Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 832 (11th Cir. 2011) (noting that when a "physician expresses uncertainty as to his own medical findings, the ALJ has no obligation to defer to his opinion") (citing *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991)); *see also Anderson v. Comm'r of Soc. Sec.*, 427 F. App'x 761, 763 (11th Cir. 2011) (finding that the ALJ properly discounted the report of a physician whose "report was inconsistent and equivocal"). The Commissioner's contention, however, ignores the form labeled "Medical Source Statement Of Ability To Do Work-Related Activities (Physical)" that Dr. Iyer completed in conjunction with his June, 18, 2011 examination of Johnson. *See* (R. 295–300). On it, among other things, he indicates that Johnson was limited to sitting for thirty minutes at a time,[3] standing for fifteen minutes at a time, walking for fifteen minutes at a time, and could only occasionally operate foot controls. (R. 296, 297). The ALJ's opinion contains no indication that the ALJ considered these findings. While an ALJ is "not required to include findings in the hypothetical [to

---

[3] The court recognizes that this limitation contradicts Dr. Iyer's finding, pursuant to the same examination of Johnson, that Johnson "does not have limitation of functions involving sitting." (R. 292).

the VE] that the ALJ [has] properly rejected as unsupported," *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004), "[w]ithout an explanation of the weight the ALJ accorded the different medical opinions, it is not possible for [a court] to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 732 (11th Cir. 2011) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). "Therefore, when the ALJ fails to state 'with sufficient clarity' the grounds for his evidentiary decisions, [courts] will not affirm 'simply because some rationale might have supported the ALJ's conclusion,' and instead [will] remand 'for further findings at the administrative level.'" *Id.* (quoting *Owens v. Heckler*, 748 F.2d 1511, 1514–16, 1516 (11th Cir. 1984)); *see also id.* at 733 (finding that "[t]he ALJ erred when he failed to mention, much less consider [a physician's] opinion of [the plaintiff's] ability to concentrate" when that "opinion is contrary to the ALJ's finding in his RFC assessment that [the plaintiff] had no significant mental limitations"). Consequently, the ALJ erred by failing to consider Dr. Iyer's findings regarding Johnson's functional limitations. Because the court cannot say that error was harmless without re-weighing the evidence, which "would call for conjecture that invades the province of the ALJ," *Mills v. Astrue*, 226 F. App'x 926, 931 (11th Cir. 2007) (citing *Moore v. Barnhart*, 405

F.3d 1208, 1214 (11th Cir. 2005); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004)), this matter is due to be remanded for the ALJ to weigh the probative value of Dr. Iyer's opinion regarding Johnson's functional limitations.

In the interest of thoroughness, the court will turn briefly to Johnson's remaining two arguments. First, Johnson argues that the ALJ erred by relying on testimony by the VE based on a hypothetical that failed to reflect Johnson's right hip pain. Doc. 13 at 17. As stated above, an ALJ is "not required to include findings in the hypothetical [to the VE] that the ALJ [has] properly rejected as unsupported." *Crawford*, 363 F.3d at 1158. Here, the ALJ properly rejected Johnson's testimony about his right hip pain by articulating reasons that were supported by substantial evidence for refusing to credit that testimony. *See Hale*, 831 F.2d at 1012. Namely, the ALJ noted that the record indicates Johnson infrequently sought medical attention, and when he did, he rarely complained of pain. (R. 31–32). Records generated in connection with follow-up evaluations after Johnson's 2008 hip surgery and 2009 back surgery state he was healing well and not experiencing pain. *Id.* The ALJ noted that the record indicates Johnson has little history of receiving treatment for pain, and has never received a referral to a pain management clinic or specialist. *Id.* Finally, and most tellingly, the ALJ noted that over-the-counter pain medication successfully relieves Johnson's pain. (R.

32). Johnson does not challenge any of these findings. Moreover, the type of medication a claimant takes and treatment he has received to relieve pain are proper factors for an ALJ to evaluate when determining to credit a plaintiff's pain testimony. 20 C.F.R. § 416.929(c)(3)(iv–v). Consequently, the ALJ did not err by relying on testimony by the VE based on a hypothetical that failed to reflect Johnson's right hip pain.

Next, Johnson seems to argue that the ALJ improperly substituted his medical opinions for those of trained medical professionals by citing a series of cases in which Senior District Judge Foy Guin found the ALJ who decided this matter committed that error. Doc. 13 at 20–22. But, tellingly, Johnson fails to point to any instance *in the present matter* where the ALJ allegedly improperly substituted his medical opinions for those of trained medical professionals. Consequently, Johnson's argument on this point falls flat. The court adds that to the extent Johnson has the need to appeal again the ALJ's decision in this case that Johnson should focus on presenting concrete examples of alleged error *in this case* instead of asking this court to make findings based on an alleged history that has no bearing on the review this court must conduct.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination

that Johnson is not disabled is not supported by substantial evidence and applied incorrect legal standards. Therefore, the Commissioner's final decision is remanded for further proceedings consistent with this opinion. The court will enter a separate order in accordance with this memorandum of decision.

    Done this 8th day of May, 2014.

                                                             **ABDUL K. KALLON**
                                                  UNITED STATES DISTRICT JUDGE